UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALEX ZAVALA-TAPIA, JOSE MENDOZA-GARCIA, MIGUEL ABUNDEZ MOSQUEDA, & NORMAN ANGELO MIKE,<br><br>        Defendants.<br>_____/ | NO. CR. 2:09-297 WBS<br><br>ORDER RE: REQUEST FOR<br>SUBPOENAS DUCES TECUM |

----oo0oo----

        The court has received from defendant Norman Angelo Mike a request for authorization to issue three subpoenas duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. A defendant requesting a subpoena under Rule 17(c) must demonstrate that the materials sought are both relevant and admissible, and must identify the materials to be produced with specificity. United States v. Nixon, 418 U.S. 683, 699-700 (1974); United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981).

1

Here, defendant has failed to identify the materials to be produced with sufficient specificity or to demonstrate that they are admissible.  The materials sought from the County of Shasta Sheriff Department and State of California Highway Patrol ("CHP") are "[a]ny materials" from the personnel files of Shasta County Sheriff Deputy Quinten Johnston, Shasta County Sheriff Deputy Keith Sharp, and CHP Officer Kevin Luntey "that is material to the defense."  Defendant also seeks "any other information in the possession of" Shasta County or CHP "that is material to the defense."  The requested subpoenas define "[m]aterial information" as "includ[ing]" but "not limited to" the following:

> any disciplinary actions . . .; demotions; delayed promotions; terminations or firings from any law enforcement job; department-mandated training or retraining related to problems with performance; transfer from one office or assignment to another based on problems with performance; instances of deception, inaccuracy, or untruthfulness; instances of improper conduct toward suspects, including racial bias; complaints lodged . . .; any information related to the . . . ability to perceive, including hearing, eyesight, or memory; information about any mental health condition that could affect memory or perception; and any criminal record.

A subpoena under Rule 17(c) "is not intended to serve as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1994) (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981).  Yet, that is exactly how defendant seeks to use Rule 17(c).  A subpoena signals a fishing expedition when it calls for "[a]ny materials" regarding a particular subject and "any other information" and defines "[m]aterial information" as "includ[ing]" but "not limited to" the described

2

information.  The requested subpoenas are so broad and unspecific that the court is also unable to determine the admissibility of the evidence sought.

Rule 17(c) was designed as a method of compelling witnesses with relevant and admissible documentary evidence to bring those documents to the trial or hearing at which they will be offered in evidence.  The fact that the Rule goes on to permit the court to direct the witness to produce the designated items in court before they are actually to be offered into evidence was not meant to convert Rule 17(c) into a discovery device.  The discovery tools available to defendants in criminal cases are limited, and are to be found elsewhere in the Federal Rules of Criminal Procedure, not in Rule 17.

IT IS THEREFORE ORDERED that defendant Mike's request for authorization to issue the three subpoenas, in their present form, be, and the same hereby is, DENIED.

DATED:   December 17, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE